UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACQULYN M. THOROUGHGOOD ) | |
| ) | |
| Plaintiff ) | Case Number: |
| ) | |
| vs. ) | |
| ) | CIVIL COMPLAINT |
| COOPERATIVE COMMUNICATIONS, ) | |
| INC. ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Jacqulyn M. Thoroughgood, by and through her undersigned counsel, Bruce K. Warren, Esquire of Warren Law Group, PC, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Jacqulyn M. Thoroughgood, is an adult natural person and she brings this action for actual and statutory damages and other relief against Defendant for violations of the Telephone Consumer Protection Act of 1991 47 U.S.C. § 227 ("TCPA") which restricts telephone solicitations (e.g. telemarketing) and the use of automated telephone equipment without the recipient giving prior express consent, as well as Invasion of Privacy by Intrusion upon Seclusion by intruding on one's personal life without just cause.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.   Venue in this District is proper in that Plaintiff resides in this district.

### III. PARTIES

4.   Plaintiff, Jacqulyn M. Thoroughgood, (hereafter, Plaintiff) is an adult natural person residing in Philadelphia, PA. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the Telephone Consumer Protection Act of 1991 47 U.S.C. § 227.

5.   Defendant, Cooperative Communications, Inc. (hereafter, Defendant), at all times relevant hereto, is and was a New Jersey corporation/ Integrated Communications Provider (ICP) engaged in the business of selling and offering, through the act of telemarketing, end-to-end voice, data, Internet, and enhanced broadband solutions, within the Commonwealth of Pennsylvania and the State of New Jersey with a primary address located at 210 Clay Avenue, Lyndhurst, NJ 07071.

### IV. FACTUAL ALLEGATIONS

6.   On or about January 14, 2013, Plaintiff started receiving several calls per day to her home phone from the Defendant.

7.   Plaintiff is on the "do not call" list.

8.   Defendant has been calling from the following telephone numbers (210)-857-1142, (908)302-1877, (732)357-8096 since that time.

9.   All of Defendant's calls are computer generated.

10.   The Defendant at no time identifies who they are as is required by anyone using an auto dialer or an artificial or prerecorded voice message to call any number.

11. Defendant's calls are never transferred to a live person giving the Plaintiff the opportunity to ask that the calls be stopped.

12. Plaintiff has attempted to call back all of Defendant's incoming numbers, but receives computer generated messages stating that the "mailboxes are full" or that they are "non-working numbers".

13. Defendant has called Plaintiff from the following number(s), on the following dates and times:

(201) 857-1142
- 1/14/13 – 11:06am, 8:18pm
- 1/15/13 – 10:48am, 6:32pm
- 1/16/13 – 10:18am, 5:09pm
- 1/17/13 – 12:53pm, 1:40pm, 6:01pm

(732) 357-8096
- 1/18/13 – 9:25am, 12:00pm

(908) 302-1877
- 1/19/13 – 9:58am, 11:27am
- 1/20/13 – 11:43am, 12:24pm, 1:28pm, 4:33pm
- 1/21/13 – 7:41pm, 8:23pm, 8:30pm
- 1/22/13 – 8:15am, 2:23pm
- 1/23/13 – 1:44pm, 3:40pm, 7:14pm
- 1/24/13 – 11:41am, 6:46pm
- 1/25/13 – 5:47pm
- 1/29/13 – 3:30pm
- 1/30/13 – 10:19am, 7:51pm

14. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from anger, anxiety, emotional distress and frustration.

15. The Defendant knew or should have known that their actions violated the TCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the TCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

16. At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

17. At all times pertinent hereto, the conduct of Defendant, as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – TCPA

18. The above paragraphs are hereby incorporated herein by reference.

19. At all times relevant hereto, Defendant unlawfully, intentionally and fraudulently violated the TCPA, 47 U.S.C. §227 et. seq. and 47 C.F.R. 64.1200 et. seq.

20. The foregoing acts and omissions constitute violations of the TCPA, including but not limited to:

   a. using an automatic telephone dialing system that had capacity to store or produce telephone numbers using random or sequential number generation and dialed the telephone number associated with the Plaintiff;

    b.    to initiate telephone calls to Plaintiff's telephone using artificial and prerecorded voice to deliver a message without the prior consent of the Plaintiff;

    c.    to initiate communication to the Plaintiff using an automatic dialer that was not in compliance with the technical and procedural standards set forth by the TCPA;

    d.    to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B);

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against Defendant, and Order the following relief:

    a.    Actual damages;

    b.    Statutory damages;

    c.    Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

    d.    Treble damages.

## COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

21.    The above paragraphs are hereby incorporated herein by reference.

22.    The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs

or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

23. Pennsylvania recognizes Plaintiff's right to be free from invasions of privacy, thus Defendant violated PA state law.

24. Defendant intentionally intruded upon Plaintiff's right to privacy to be continually harassing Plaintiff with frequent telephone calls, abusing Plaintiff.

25. The telephone calls made by Defendant to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and "a substantial burden to his existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

26. The conduct of Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

27. As a result of the intrusions and invasions, Plaintiff is entitles to actual damages in an amount to be determined at trial from Defendant.

28. Defendant's acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendant is subject to punitive damages.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

   a. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and O.R.C. § 1345.09(A);

   b. Statutory damages pursuant to 15 U.S.C. § 1692k;

   c. Reasonable attorney's fees and litigation expenses, plus costs of suit;

    d.    Three times the amount of Plaintiff's actual damages or two hundred dollars, whichever is greater, pursuant to O.R.C. § 1345.09(B);

    e.    Actual damages from Defendant for all the damage including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

    f.    Punitive damages; and

    g.    Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN LAW GROUP, P.C.**

Date: February 4, 2013

BY: /s/ Bruce K. Warren  bkw4066
Bruce K. Warren, Esquire

Warren Law Group, PC
58 Euclid Street
Woodbury, NJ 08096
P: (856)848-4572
F: (856)324-9081
Attorney for Plaintiff
bruce@warren-lawfirm.com